UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x
BENS BBQ, Inc. d/b/a BOBBIQUE, on behalf of itself and all others similarly situated,

                              Plaintiff,

         -against-

COUNTY OF SUFFOLK,

                              Defendant.
-----------------------------------------------------------------------------x

Case No. 2:19-cv-03584

**COMPLAINT**

Jury Trial Demanded

Plaintiff, BENS BBQ, Inc. d/b/a BOBBIQUE, on behalf of itself and all other similarly situated persons, companies and entities ("Class Members" or "Plaintiffs") complaining of the above-named Defendant by its attorneys, EGAN & GOLDEN, LLP respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action by Plaintiffs seeking monetary relief, including economic loss, compensatory damages, disbursements, attorney's fees, declaratory and injunctive relief and costs and fees under 42 U.S.C. §§ 1983 and 1985 and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

2. Additionally, this action seeks monetary, injunctive, and declaratory relief under state law and the New York State Constitution.

3. Plaintiffs allege that Defendant intentionally and purposefully, while acting under color of state law, imposed unlawful and excessive fees and fines through its unconstitutional "false alarm fees" statutory scheme.

4. Said unconstitutional and illegal conduct was known to Defendant and others

1

who are its government officials, elected officials, authorized decision makers, supervisors, and policy makers, and was accepted and supported as policy, practice and custom.

5. Plaintiffs also seek punitive damages against the Defendant for its malicious, intentional, reckless and callous indifference to Plaintiff's constitutional rights.

**JURISDICTION**

6. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985 and the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this Court is invoked under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(1)-(4). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Pendant jurisdiction over Plaintiffs' state law claims exists pursuant to 28 U.S.C. §1367.

7. Venue is properly laid within the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b), as the Plaintiff's claims arose in the Eastern District of New York and Defendant, COUNTY OF SUFFOLK, is wholly located within the District.

**PARTIES**

8. Plaintiff, BENS BBQ, Inc. d/b/a BOBBIQUE, is New York corporation with a principal place of business in the County of Suffolk, State of New York.

9. Defendant, COUNTY OF SUFFOLK, is a municipal corporation organized under and existing pursuant to the laws of the State of New York.

10. During all times mentioned in this Complaint, Defendant was acting under color of law, to wit, under color of the United States and New York Constitutions, and statutes, ordinances, laws, rules, regulations, by-laws, policies, customs and usages promulgated and established thereunder.

11. During all times mentioned in this Complaint, Defendant and separately and in concert, and in conspiracy with others not named as Defendants in the Complaint, engaged in acts and

omissions which constituted a deprivation of the constitutional rights, privileges and immunities of Plaintiffs. While these acts were carried out under color of law, Defendant's actions had no justification, privilege or excuse in law, and were instead gratuitous, malicious, intentional, illegal and improper.

## FACTUAL ALLEGATIONS

12. On or about December 15, 2015, Defendant adopted Article II of Chapter 290 of the Suffolk County Administrative Code.

13. Article II of Chapter 290 of the Suffolk County Administrative Code ("Article II") requires any person who "owns, leases, rents, or uses an alarm system or makes an alarm system available for use by his/her or its agents, employees, representatives, tenants or family" within the Suffolk County Police District (the "District") to obtain a permit from the Suffolk County Police Department for the operation of said alarm system.

14. Article II also imposes "false alarm fees" on "Alarm Owners" within the District.

15. Article II defines "false alarm" as "[a]n alarm signal to the Department activated by causes or events other than the commission or attempted commission of an unlawful act or emergency which the alarm system is designed to detect. This shall include, but not be limited to, mechanical failure, accidental tripping, misoperation, malfunction, misuse or neglect of the alarm system, but shall not include alarms caused by earthquakes, high winds, verifiable utility failures or external causes beyond the control of the alarm owner or alarms caused by smoke, fire or carbon monoxide."

16. Article II authorizes the Suffolk County Police Department to subject all "alarm owners" in the District, including those without alarm permits, to fees for "false alarms."

17. Article II provides no requirement for service of process or notice of the levying or application of a false alarm fee on an alarm owner other than requiring such notice to be written.

18. The Suffolk County Police Department is the sole arbiter of what constitutes a "false alarm."

19. There is no hearing or proceeding before a "false alarm fee" is chargeable against an alarm owner.

20. Article II provides no process to appeal a false alarm fee charge other than a written notice of appeal to the Suffolk County Police Commissioner in a form as provided by the Suffolk County Police Department.

21. Article II does not provide or require criteria, rules, or standards of proof by which the Police Commissioner must abide by when rendering a decision on an appeal of a false alarm fee.

22. Article II does not require that the Police Commissioner develop a record before rendering a decision on an appeal.

23. The false alarm fees are graduated so that each additional false alarm occurring within a twelve-month period subjects the alarm owner to a higher false alarm fee. The alarm fees are set forth below:

## Permit Holders

| Residential Building | | Nonresidential Building | |
| --- | --- | --- | --- |
| 1st & 2nd false alarm | Written warning only | 1st & 2nd false alarm | Written warning only |
| 3rd false alarm | $100 | 3rd false alarm | $100 |
| 4th false alarm | $100 | 4th false alarm | $150 |
| 5th false alarm | $100 | 5th false alarm | $200 |
| 6th false alarm | $250 | 6th false alarm | $250 |
| 7th false alarm | $300 | 7th false alarm | $300 |
| 8th false alarm | $350 | 8th false alarm | $350 |
| 9th false alarm | $400 | 9th false alarm | $400 |
| 10th and subsequent false alarms | $500 | 10th and subsequent false alarms | $500 |

Non-Permit Holders

| Residential Building | | Nonresidential Building | |
|---|---|---|---|
| 1st false alarm | $100 | 1st false alarm | $100 |
| 2nd false alarm | $100 | 2nd false alarm | $100 |
| 3rd false alarm | $150 | 3rd false alarm | $200 |
| 4th false alarm | $200 | 4th false alarm | $200 |
| 5th false alarm | $200 | 5th false alarm | $200 |
| 6th false alarm | $300 | 6th false alarm | $300 |
| 7th false alarm | $300 | 7th false alarm | $300 |
| 8th false alarm | $400 | 8th false alarm | $400 |
| 9th false alarm | $450 | 9th false alarm | $450 |
| 10th and subsequent false alarms | $500 | 10th and subsequent false alarms | $500 |

24. The fees collected from the alarm permit registration and false alarm fees are far greater than the sum of the costs of administering the alarm registration program and the costs associated with responding to false alarms.

25. When imposing and collecting false alarm fees, the County of Suffolk describes the fees as "fines".

26. The alarm fee program is nothing more than a means of generating revenue for the County of Suffolk.

27. On July 7, 2018, Plaintiff received a false alarm fee notice from the Suffolk County Police Department. The County demanded payment of $1,410.00.

28. The notice alleged that Plaintiff's alarm had triggered a "false alarm" on September 11, 2016, September 14, 2016, October 17, 2016, and November 19, 2016.

29. Plaintiff appealed the false alarm claim in writing to the Police Commissioner as required by Article II. Plaintiff never received a decision on its appeal.

30. The County of Suffolk commenced a small claims action against Plaintiff as a means of judgment enforcement. In its Complaint, the County stated:

> "The Defendant has been issued *fines* related to false alarms at their address pursuant to Suffolk County Code Chapter 290 Article II Section 290-9. The defendant has failed to pay the *fines* and associated fees."

(emphasis added).

31. By denoting the fees as "fines" in its small claims judgment enforcement actions, the County is admitting that the false alarms are criminal violations. As such, those accused of false alarms should be entitled to the procedural due process accorded all defendants in the criminal justice system.

32. In Plaintiff's case, the small claims court, as it has done since the enactment of the false alarm fee law, held that it cannot consider arguments as to the underlying events leading to the false alarm, since such appeals may be made only to the Suffolk County Police Commissioner as required under Article II.

33. Thus, the small claims court may only consider whether the fines were paid. The small claims court awarded the County $1,710.00 on the basis that Plaintiff did not pay the false alarm fine. Plaintiff paid that judgment.

34. The entire process can be summarized as follows:

a. A person or entity receives a "false alarm" notice from the Suffolk County Police Department demanding payment of the fee to the County.

b. The only avenue to challenge the false alarm allegations is a written appeal to the Suffolk County Police Commissioner, who is the chief of the very entity enforcing Article II and demanding payment.

c. The Police Commissioner is not required to hold a hearing, develop a record, or apply any specific criteria in making a decision. A one-word denial of the "appeal" is sufficient under Article II. Some appeals are never even reviewed or decided, as was the case in Plaintiff's challenge.

d. The County begins judgment enforcement in small claims court when a person or entity fails to pay the fee/fine. The defendant cannot challenge the allegations underlying the County's

claim of a false alarm and the court is restricted to merely determining whether the fee/fine was paid or not.

35. Through Article II, the Defendant has created a system that blatantly circumvents the most basic protections afforded those accused of violating the law.

## CLASS ALLEGATIONS

36. Plaintiff, and the class it represents, has been and will continue to be subjected to the unlawful enforcement of an unconstitutional scheme implemented by Defendant.

37. Plaintiff, on behalf of itself and of the class of similarly situated persons, seeks an order declaring that Article II of Chapter 290 of the Suffolk County Administrative Code and the enforcement thereof is and has been unlawful.

38. Plaintiff brings this action on its own behalf and on behalf of all persons similarly situated, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a class defined as follows: All persons who have been charged false alarm fees pursuant to Article II of Chapter 290 of the Suffolk County Administrative Code.

39. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the members of the class are so numerous that joinder of all members is impractical. Upon information and belief there are more than 10,000 persons in the class defined above.

40. Under Rule 23(a) of the Federal Rules of Civil Procedure, there are questions of law and fact common to the class, including but not limited to:

- Whether the imposition of the false alarm fee violated the Plaintiff class' right to due process under the 14th Amendment of the United States Constitution;

- Whether the imposition of the false alarm fee violated the Plaintiff class's right to be free from excessive fines under the 8th Amendment of the United States Constitution;

- Whether the imposition of the false alarm fee constituted an unlawful taking under the 5th Amendment of the United States Constitution;

- Whether the imposition of the false alarm fee violates New York State Law requiring fees to be related to and proportional to the cost of the service provided.

41. Plaintiff's claims are typical, if not identical, of the class it seeks to represent. Plaintiff and the class it seeks to represent were subjected to false alarm fees, which are thinly veiled fines imposed without affording the alleged offenders the due process required under the United States Constitution. The fees are grossly disproportionate to the alleged conduct in violation of the 8th Amendment of the U.S. Constitution. The fees also violate New York State law requiring anything denoted as a governmental "fee" to bear a relationship to a service provided by government and be proportional in cost.

42. Plaintiff has the same interests and has suffered the same type of injuries as the proposed class. Each proposed class member suffered monetary damages as a result of the challenged conduct. Plaintiff's claims arose because of Defendant's policies, customs, and/or practices. Plaintiff's claims are based upon the same legal theories as the claims of the proposed class members.

43. Plaintiff's counsel has the resources, experience, and expertise to successfully prosecute this action against Defendant. Counsel knows of no conflicts among any members of the class, or between counsel and any members of the class.

8

44. Should the court certify the class, Plaintiff is capable of providing individual notice to class members, at such last known address by first class mail, as well as notice by publication informing them of the following:

i. The pendency of the class action and the issues common to the class;

ii. The nature of the action;

iii. Their right to "opt-out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action:

iv. Their right to "opt-out" to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiff and its counsel; and

v. Their right, if they do not "opt-out" to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

**AS AND FOR A FIRST CAUSE OF ACTION**
42 U.S.C. §§ 1983 and 1985
(Due Process, 14th Amendment)

45. Paragraphs "1" through "44" are incorporated herein by reference.

46. By reason of Defendant COUNTY OF SUFFOLK's unlawful governmental custom, policy, ordinance, and statute, the COUNTY OF SUFFOLK and employees, officers, and members of the COUNTY OF SUFFOLK and the COUNTY OF SUFFOLK Police Department, imposed improper fees, fines, penalties, and/or costs on Plaintiffs, and deprived Plaintiffs of a process by which to challenge said fees, fines, penalties, and/or costs.

47. The graduated scale of "fees" for each additional false alarm and the higher scale for non-permitted alarm system owners shows that the false alarm scheme is a thinly veiled attempt to criminally punish alarm system owners without affording them due process under the criminal justice system. Defendant has itself described the fees as "fines" in its judgment enforcement actions against Plaintiffs.

48. Defendant, COUNTY OF SUFFOLK, acting under color of law, and through its employees, servants, agents and designees, has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. §1983.

49. Defendant, COUNTY OF SUFFOLK, is liable for the damages suffered by Plaintiffs as a result of the conduct of its employees, agents and servants.

50. Defendant, acting under color of law, has engaged in actions and abuses which have deprived Plaintiffs of liberty, property rights, due process, and the privileges and immunities secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §§1983 and 1985.

51. As a direct result of said acts, Plaintiffs have suffered and continue to suffer monetary damages.

52. As a result of Defendant's acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing equal to all amounts charged to Plaintiffs as false alarm fees, as well as punitive charges, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
42 U.S.C. §§ 1983 and 1985
(Excessive Fine, Eighth Amendment)

53. Paragraphs "1" through "52" are incorporated herein by reference.

54. The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

55. The false alarm fees charged to Plaintiffs constitute excessive fines and are grossly disproportionate to the gravity of the conduct Defendant alleges it is seeking to deter and punish.

56. The false alarm fee scheme is a method by which Defendant extracts large payments from its constituents for a de minimis transgression, for the sole purpose of raising revenue.

57. As a result of Defendant's acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing equal to all amounts charged to Plaintiffs as false alarm fees, as well as punitive charges, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
42 U.S.C. §§ 1983 and 1985
(Takings, Fifth Amendment)

58. Paragraphs "1" through "57" are incorporated herein by reference.

59. The Fifth Amendment to the United States Constitution prohibits the taking of private property without just compensation.

60. The enforcement of the false alarm fee scheme is a method by which Defendant extracts large payments from its constituents for the purpose of raising revenue.

61. Plaintiffs have a vested property right in the funds they expended for false

alarm fees.

62. Plaintiffs have a vested property right in the alarm systems they have installed and operate.

63. The false alarm fee scheme has had a negative economic impact on Plaintiffs and drastically altered the reasonable investment backed expectations they had when purchasing their alarm systems to protect their homes and businesses.

64. The Plaintiffs are not compensated in any manner for payment of the false alarm fee.

65. As a result of Defendant's acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing equal to all amounts charged to Plaintiffs as false alarm fees, as well as punitive charges, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Money Had and Received)

66. Paragraphs "1" through "65" are incorporated herein by reference.

67. Under New York state law fees imposed by a governmental agency must be proportional to the costs of associated with the service provided.

68. The false alarm fee is far greater than the County's cost of responding to false alarms.

69. The arbitrary gradation in false alarm fees, with a greater fee for each additional false alarm response, demonstrates that the amount of the fee was calculated not in proportion to the costs of responding to false alarms, but as a criminal penalty motivated solely as a means of generating revenue for Defendant.

70. The County imposed and Plaintiffs paid the false alarm fees. Defendant

received money belonging to Plaintiffs, Defendant benefited from the receipt of this money, and the illegality and unconstitutionality of the false alarm fee scheme warrants Defendant's return of that money.

71. As a result of Defendant's acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing equal to all amounts charged to Plaintiffs as false alarm fees, as well as punitive charges, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Declaratory Judgment)

72. Paragraphs "1" through "71" are incorporated herein by reference.

73. For the reasons set forth herein, Article II of Chapter 290 of the Suffolk County Administrative Code violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, both on its face and as applied to Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for the following relief:

A. <u>On the First Cause of Action</u>: in excess of $10,000,000.00 in compensatory damages, punitive damages, costs and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

B. <u>On the Second Cause of Action</u>: in excess of $10,000,000.00 in compensatory damages, punitive damages, costs and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

C. <u>On the Third Cause of Action</u>: in excess of $10,000,000.00 in compensatory damages, punitive damages, costs and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

D. <u>On the Fourth Cause of Action</u>: in excess of $10,000,000.00 in compensatory damages, punitive damages, costs and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

E. <u>On the Fifth Cause of Action</u>: judgment declaring that Article II of Chapter 290 of the Suffolk County Administrative Code violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, both on its face and as applied to Plaintiffs;

F. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

G. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Patchogue, New York
June 18, 2019

By: **EGAN & GOLDEN, LLP**
*Attorneys for Plaintiffs*

_____
Brian T. Egan, Esq. (BTE 1260)
Christopher Bianco, Esq. (CAB 9608)
96 South Ocean Avenue
Patchogue, New York 11772
631.447.8100