UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BENS BBQ, INC. d/b/a BOBBIQUE, on behalf of itself
and all others similarly situated,

Plaintiff,

- against-

COUNTY OF SUFFOLK,

Defendant.
------------------------------------------------------------------------X

FILED
CLERK

7/7/2020 10:49 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
19-CV-3584 (SJF)(ARL)

FEUERSTEIN, District Judge:

Plaintiff Bens BBQ, Inc. ("Bens" or "Plaintiff") commenced this putative class action against Defendant County of Suffolk (the "County" or "Defendant") asserting claims pursuant to 42 U.S.C. §§ 1983 and 1985, and state law.   Defendant has moved to dismiss the complaint. *See* Motion, Docket Entry ("DE") [13].   Pending before the Court are objections to the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated May 7, 2020 (the "Report"), *see* DE [21], recommending, *inter alia,* that (1) the motion to dismiss be denied as to (a) the second cause of action alleging that excessive fines were imposed in violation of the Eighth Amendment, and (b) the fifth cause of action seeking a declaratory judgment on the basis of violations of the Eighth Amendment only; (2) Plaintiff be barred from asserting any claim under 42 U.S.C. §1985; and (3) the motion to dismiss be granted as to the remaining claims.   For the reasons set forth below, Magistrate Judge Lindsay's Report is adopted.

## I.  STANDARD OF REVIEW

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof.   28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b)(2).   Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*.   28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).   The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.   *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985).   In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review."   *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Thomas v. City of New York,* Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."); *Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014).   Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II.  OBJECTIONS

Plaintiffs object to the Report, *see* Plaintiff's Objections to Report ("Pl. Obj."), DE [22], arguing, *inter alia,* that Magistrate Judge Lindsay erred in (1) recommending dismissal of the due process claim because (a) procedural due process requires a hearing prior to imposition of a fine, *id.* at 8, (b) the Report's reliance on the availability of an Article 78 proceeding was erroneous, *id.*, (c) the statute is unconstitutionally vague as it fails to define "emergency," *id.* at 13, and (d) the regulatory scheme has the illegitimate interest of raising revenue, *id.* at 14-15; (2) recommending dismissal of the cause of action for violation of the takings clause of the Fifth Amendment because (a) it is too early in the case to make the necessary factual and credibility determinations, *id.* at 16, (b) the Report failed to cite authority for its determination, *id.*; (3) ignoring the County's failure to provide evidence or argument regarding the state law claim and finding that the claim should have been brought in an Article 78 proceeding, *id.* at 17; (4) dismissing the declaratory judgment claim to the extent it was brought based upon violations of the Fifth and Fourteenth Amendments.   *Id.* at 18.   Defendant has responded to all of Plaintiff's objections. *See* Defendant's Response to Plaintiff's Objections, DE [23].

Plaintiff contends, *inter alia,* that the Magistrate Judge made factual and credibility determinations in granting the motion to dismiss the Fifth Amendment takings cause of action. Pl. Obj. at 16.   The Report found that Bens' argument that it is likely to be deprived of the benefit of its investment in an alarm system because it and other alarm owners are too fearful to use their alarms is "too speculative" to support the claim.   Report at 20.   To withstand a motion to dismiss, a complaint must set forth well-pleaded allegation sufficient to "plausibly give rise to

an entitlement to relief." *Ashcroft v. Iqbal,* 566 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d

868 (2009).   Despite the argument advanced by Plaintiff in its papers, there are no relevant

allegations in the actual complaint, which alleges only that the false alarm act "has had a

negative impact on Plaintiffs and drastically altered the reasonable investment backed

expectations they had when purchasing their alarm systems."   Compl. ¶63. Even if the

complaint did include the generalized statement regarding alarm owners' fearfulness, such an

allegation is both speculative and conclusory and does not plausibly allege a claim.   Plaintiff's

objection is overruled as to this claim.

As to Plaintiff's fourth cause of action,[1] the Magistrate Judge, noting the case law relied

upon by both parties, determined that the fee structure was a quasi-legislative act and thus

Plaintiff's claim should have been brought as an Article 78 proceeding in state court and "not as

a pendent claim for money had and received."   Report at 22 (citing *Valentino v. Cnty. of

Tompkins,* 45 A.D.3d 1235, 1236, 846 N.Y.S.2d 745 (3rd Dep't 2007)).   Plaintiff does not

contest the Report's conclusion that an Article 78 proceeding would have been the appropriate

state court method for resolving its claim rather than a plenary action. It objects only on the basis

that the Magistrate Judge's determination that the claim "should have been brought in state court

is, in itself, not a sufficient basis to dismiss Plaintiff's pend[e]nt state claim" and urges this Court

---

[1] The Report correctly found that despite Plaintiff's characterization of this cause of action, the complaint does not state a claim for money had and received because the factual allegations do not implicate principles of equity.   Report at 22; *see generally Parsa v. State,* 64 F.2d 143, 148 (1984) (a claim for money had and received, "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another").

4

to exercise supplemental jurisdiction over it.    Pl. Obj. at 17.   The Court declines to do so.

"The overwhelming majority of district courts confronted with the question of whether to exercise supplemental jurisdiction over Article 78 claims have found that they are without power to do so or have declined to do so." *E. End Eruv Ass'n, Inc. v. Town of Southampton,* No. 13-CV-4810, 2014 WL 4826226, at *16 (E.D.N.Y. Sept. 24, 2014) (internal quotation marks and citation omitted); *see also Cartegna v. City of New York,* 257 F. Supp. 2d 708, 709 (S.D.N.Y. 2003) (noting that the "Article 78 proceeding is a novel and special creation of state law . . . over which the state's "Supreme Court has *exclusive* jurisdiction." (internal quotation marks and citation omitted; emphasis in original)).   The Second Circuit has not decided whether the federal courts lack subject matter jurisdiction over claims brought pursuant to Article 78.   *See Carver v. Nassau Cnty. Interim Fin. Auth.,* 730 F.3d 150, 155 (2d Cir. 2013) (declining to decide "whether Article 78 can, on its own, deprive a federal court of jurisdiction over claims brought under that provision, as some district court cases have held").   Distinct from the issue of subject matter jurisdiction, most district courts decline to exercise supplemental jurisdiction Article 78 proceedings in an exercise of discretion.   *See Singh v. Joshi,* 201 F. Supp. 3d 245, 250 (E.D.N.Y. 2016) ("district courts *are* unanimous that [t]he very nature of an Article 78 proceeding presents . . . compelling reasons for declining to exercise supplemental jurisdiction, even assuming it exists" (internal quotation marks and citation omitted; alteration in original)); *DeJesus v. City of New York,* No. 10 Civ. 9400, 2012 WL 569176, at *4 (S.D.N.Y. Feb. 21, 2012) ("[r]ecognizing state courts' exclusive jurisdiction over Article 78, courts within this circuit have consistently declined to exercise supplemental jurisdiction over Article 78 claims");

5

*Morningside Supermarket Corp. v. New York State Dep't of Health,* 432 F. Supp. 2d 334, 346

(S.D.N.Y. 2006) (finding that the "very nature of an Article 78 proceeding" presents "compelling

reasons" under 28 U.S.C. §1367(c) for declining jurisdiction).   Despite the fact that Plaintiff has

a federal cause of action remaining in this case, the Court declines to exercise supplemental

jurisdiction over Plaintiff's fourth cause of action.   *See, e.g., Verbeek v. Teller,* 114 F. Supp. 2d

139, 143 (E.D.N.Y. 2000) (declining to exercise supplemental jurisdiction over an Article 78

claim, because "[e]ven where a plaintiff has one or more federal claims alive. . . the interests of

judicial economy are not served by embroiling this court in a dispute over local laws and state

procedural requirements").

 This Court has conducted a *de novo* review of the Report and considered Plaintiff's

remaining objections and Defendant's responses thereto.   Upon completion of that review,

Plaintiff's objections are overruled and the Report is adopted.

## IV.   CONCLUSION

 For the foregoing reasons, the Report is adopted in its entirety.   Defendants' motion to

dismiss, DE [13], is granted in part and denied in part.

**SO ORDERED**.


    /s/ *Sandra J. Feuerstein*
    Sandra J. Feuerstein
    United States District Judge


Dated: Central Islip, New York
  July 7, 2020